JJD:CMM
F. #2025R00589

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  FEB 03 2026  ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JAMES KRULDER,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

INDICTMENT

CR-26 0021

Cr. No. _____
(T. 18, U.S.C., §§ 981(a)(1)(C), 982(a)(1),
982(b)(1), 1343, 1957 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

BROWN, J.

LINDSAY, M.J.

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    The Defendant and His Employer

    1.    The defendant JAMES KRULDER was a resident of Bohemia, New York.

    2.    Company #1, an entity the identity of which is known to the Grand Jury, was a company specializing in travel assistance services, including sales and leases of vehicles to foreign nationals in the United States.  Company #1 was an affiliate of Company #2, an entity the identity of which is known to the Grand Jury.  Company #1 and Company #2 both had a principal place of business in Woodbury, New York.

    3.    In or about November 1999, the defendant JAMES KRULDER was hired by Company #1 as a tele-sales consultant.  In or about November 2023, KRULDER was promoted to Director.  In connection with his employment, KRULDER was provided access to Visa cards linked to accounts controlled by Company #1 and Company #2 (the "Corporate Cards").  The Corporate Cards were intended for certain business-related expenses, including

2

payments to vendors, and Company #1 and Company #2 paid the associated balances.
KRULDER was authorized to use the Corporate Cards to make vendor payments.

II.     The Fraudulent Scheme

4.      In or about and between September 2018 and September 2025, the
defendant JAMES KRULDER planned and executed a scheme to defraud Company #1 and
Company #2 by repeatedly using the Corporate Cards for unauthorized personal expenses.   To
avoid detection, KRULDER concealed the unauthorized nature of those transactions by creating
multiple fictitious vendors that purported to provide online marketing and other services to
Company #1.   KRULDER told Company #1 and Company #2 that the fictitious vendors would
only receive payments via an online payment platform.   KRULDER then used the Corporate
Cards to make payments to these fictitious vendors via the online payment platform.

5.      As a result, Company #1 and Company #2 transferred funds from their
accounts to a user account with the online payment platform that was controlled by the defendant
JAMES KRULDER (the "Krulder Account") based on KRULDER's fraudulent representations
the funds would be used to pay the vendors.   KRULDER then transferred the funds he
misappropriated from Company #1 and Company #2 from the Krulder Account to other accounts
he controlled or otherwise used the stolen funds for his benefit.   KRULDER spent these stolen
funds on, among other things, gambling, travel, entertainment and retail expenses.   Through this
scheme, KRULDER fraudulently induced Company #1 and Company #2 to make wire transfers
exceeding $4 million to the Krulder Account.

## COUNT ONE
### (Wire Fraud)

6.      The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7.      In or about and between September 2018 and September 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JAMES KRULDER did knowingly and intentionally devise a scheme and artifice to defraud Company #1 and Company #2 and to obtain money and property from Company #1 and Company #2 by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, one or more writings, signs, signals, pictures and sounds, to wit: electronic wire transfers to the Krulder Account.

(Title 18, United States Code, Sections 1343 and 3551 et seq.)

## COUNT TWO
### (Illegal Monetary Transactions)

8.      The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

9.      In or about and between September 2018 and September 2025, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JAMES KRULDER did knowingly and intentionally engage in monetary transactions, in and affecting interstate commerce, in criminally derived property that was of a value greater than $10,000 and was derived from specified unlawful activity, to wit: wire fraud, in violation of

4

Title 18, United States Code, Section 1343, knowing that the property involved in such monetary

transactions represented the proceeds of some form of unlawful activity.

(Title 18, United States Code, Sections 1957 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT ONE

10.    The United States hereby gives notice to the defendant that, upon his

conviction of the offense charged in Count One, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States

Code, Section 2461(c), which require any person convicted of such offense to forfeit any

property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly

as a result of such offense.

11.    If any of the above-described forfeitable property, as a result of any act or

omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be divided

without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code,

Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT TWO

12.    The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count Two, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires any person convicted of such offense to forfeit any property, real or personal, involved in such offense, or any property traceable to such property.

13.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> (a)    cannot be located upon the exercise of due diligence;
>
> (b)    has been transferred or sold to, or deposited with, a third party;
>
> (c)    has been placed beyond the jurisdiction of the court;
>
> (d)    has been substantially diminished in value; or
>
> (e)    has been commingled with other property which cannot be divided

without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other

6

property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 982(a)(1) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____

FOREPERSON

By David Pitluck, Assistant U.S. Attorney
_____
JOSEPH NOCELLA, JR.
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK